**Sukhjinder Kaur SANDHU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72929.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 21, 2004.

---

* The panel unanimously finds this case suitable

Randhir S. Kang, Esq., Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, Michele Y.F. Sarko, Attorney, Margaret Taylor, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Sukhjinder Kaur Sandhu, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") streamlined decision affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of removal. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review questions of law de novo, and factual findings for substantial evidence. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003).

Significant discrepancies between Sandhu's testimony and her declaration support the IJ's adverse credibility determination. *See Malhi v. INS,* 336 F.3d 989 (9th Cir.2003). Sandhu's failure to submit readily available corroborative evidence to buttress her testimony bolsters the IJ's credibility finding. *See Sidhu v. INS,* 220 F.3d 1085, 1090–92 (9th Cir.2000). Because the IJ's adverse credibility finding is supported by substantial evidence, we defer to that finding and deny the petition for review.

Petitioner's contention that the BIA's streamlined decision violates her due process rights lacks merit. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003) (when the court can reach the merits of an IJ's decision, "an additional review of the streamlining decision itself would be superfluous.")

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will being to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.